UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEAN H. BEDE-MORRELL,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

NO. C2:13-CV-01317-JCC-JLW

REPORT AND RECOMMENDATION

BASIC DATA

Type of benefits sought:

( ) Disability Insurance

(X) Supplemental Security Income – Disability

( ) Other:

Plaintiff's:

Sex: Male

Age (as of hearing before ALJ): 20

Principal Disability(s) Alleged by Plaintiff: Seizure Disorder, Depression

Disability Allegedly Began: October 1, 2009

Principal Previous Work Experience: No past relevant work under SSI.

Plaintiff Last Worked: No past relevant work under SSI.

Education Level Achieved by Plaintiff: high school

## PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ:

Date of Hearing: November 22, 2011

Date of Decision: December 29, 2011

Appears in Record at: AR 12-20

Summary of Decision:

> Plaintiff has not worked since the date of his application, January 11, 2010; he has severe impairments of seizure disorder and depression, impairments that do not qualify under the Listings; he has no past relevant work. Plaintiff has the residual functional capacity, however, to perform light work, subject to certain limitations. The testimony of the Vocation Expert establishes that substantial work he can perform exists in the national economy. This requires a finding of "not disabled."

Before Appeals Council:

Date of Decision: June 10, 2013

Appears in Record at: AR 1-5

Summary of Decision: denied review

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: (X) 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff (X) Secretary.

Oral Argument (X) Not requested ( ) Conducted on

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X) Affirm

SUMMARY

I. Plaintiff was 20 years of age at the time of the hearing before the ALJ. He suffers from nonexertional impairments. Although plaintiff has no prior work experience, the ALJ made findings as to his residual functional capacity (RFC). Plaintiff takes issue with these findings; but they are supported by substantial evidence in the medical record. The vocational expert identified various available jobs a person with that RFC could perform. The Commissioner's decision must therefore be affirmed.STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

II. EVALUATING DISABILITY

As the claimant, Mr. Bede-Morrell bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to

engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## III. ISSUES ON APPEAL

The issues Plaintiff presents on appeal are:

1. Did the ALJ err in determining whether the VE's testimony conflicts with the Dictionary of Occupational Titles (DOT)?

2. Did the ALJ err in defining Plaintiff's RFC and in framing the hypothetical question based thereon, thus undermining a finding of not disabled?

Dkt. No. 24 at 1-2.

## IV. DISCUSSION

*The ALJ did not err in determining whether the VE's testimony conflicts with the DOT.*

Plaintiff asserts that the ALJ did not determine whether the VE's testimony conflicted with the DOT. Dkt. 24 at 2, 11-13. He argues there is "at least a potential conflict between the VE's testimony and the DOT" and that the ALJ did not "expressly ask the VE whether his testimony was consistent with the DOT." Dkt. 24 at 12. However, as Defendant notes, the

hearing transcript shows otherwise: the ALJ expressly stated to the VE, "[d]o you understand that if you give us an opinion that conflicts with the information contained in the Dictionary of Occupational Titles that you need to advise us of the difference and the basis for your opinion?" to which the VE answered he understood, and noted no conflict during the hearing. AR at 56. The ALJ's written opinion also notes that, "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR at 20. The Court finds no evidence of conflict between the VE's opinion and the DOT.

*The ALJ did not err in the RFC definition, the hypothetical question to the vocational expert, or in the ultimate question of disability.*

The ALJ found Plaintiff retains the RFC for a limited range of light and sedentary work. AR at 16. Plaintiff asserts the ALJ erred in imprecisely defining the RFC and in framing the hypothetical question based on the RFC, such that the VE was unable to accurately respond with jobs Plaintiff can perform. Dkt. 24 at 1. Plaintiff asserts the RFC does not "fully and accurately" describe his limitations as the ALJ found them. Dkt. 24 at 1, Dkt. 26 at 1. Plaintiff does not dispute the weighing of evidence in determining the RFC, but instead disputes how precisely the RFC is defined and whether that definition allowed the VE to accurately make job findings of which Plaintiff is capable. Plaintiff asserts the ALJ erred by using vague and ambiguous descriptions such as "moderate" with respect to job pace and production levels Plaintiff could handle; that the term was not objectively and concretely defined such that the VE could have precisely understood its meaning in context. Dkt. 24 at 3. Plaintiff argues the RFC and hypothetical do not accurately define what work he is capable of performing because, "the description of the limitations the ALJ presented is based on subjective descriptions of degrees of pace and stress that are not defined in the record (Tr. 16,

57)." Dkt. 26 at 2. Plaintiff's concern is the lack of "concrete limitations" in the RFC because the ALJ included "non-imperative suggestions of what type of work Plaintiff should do best in" Plaintiff cites the ALJ's conclusion that Plaintiff "should avoid *high-pressure* jobs that require *especially fast* work or which have *demanding* production quotas." Dkt. 24 at 3, citing AR 57 (emphasis added). Defendant argues that neither the RFC nor the hypothetical question to the VE were lacking in clarity because there is no evidence the VE was confused or misunderstood the question, and that Plaintiff's attorney waived the issue by not raising it at the hearing. Dkt. 25 at 2-9.

Waiver

Defendant asserts that under *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), Plaintiff's hearing counsel waived challenge to the ALJ's hypothetical and the VE's testimony because the issue was not raised during the hearing. Dkt. 25 at 3-4. However, the Court agrees with Plaintiff that hearing counsel did pursue the issue. Immediately after the ALJ's question and the VE's answer, Plaintiff's counsel asked the VE three hypothetical questions that added further limitations to the ALJ's question. AR at 60-62. Thus, hearing counsel challenged the ALJ's formation of the hypothetical question. Regardless, the Court finds the ALJ committed no error.

Hypothetical Question to the Vocational Expert

The ALJ found at Step four of the sequential evaluation that Plaintiff has the RFC to,

> perform less than the full range of light work as defined in 20 CFR 416.967(b) except he could not climb ladders, ropes, and scaffolds. The claimant should avoid hazardous conditions such as working in proximity to unprotected heights, moving machinery, open water, sharp objects, uneven terrain, and hot surfaces. He should not work in complete isolation from co-workers who may need to render nonmedical assistance in the event that the claimant has a seizure. The claimant could have minimal public contact. He is limited to tasks that can be learned in one year or less. The claimant is able to sustain moderate pace and production, but should avoid high pressure jobs that require especially fast work or that have demanding production quotas.

AR at 16.

At the hearing, the ALJ asked the VE if a person with this RFC could perform any jobs. AR at 57. In response, the VE gave three job examples of light work as a retail price marker, a hand packager, and a mail clerk, and two sedentary work examples of small product assembler and table worker. AR at 58-60. Plaintiff asserts there is no evidence demonstrating the ALJ and the VE were "on the same page;" however, the Court does not find any evidence that they were *not* on the same page. Plaintiff points only to the possibility of a lack of correlation between the ALJ's question and the VE's answer. The ALJ explained the type of work Plaintiff's "moderate" pace of production allowed him to do: he should not have "high-pressure jobs that require especially fast work or which have demanding production quotas." AR at 57. Granted, Plaintiff also takes issue with what exactly the ALJ means by high-pressure, fast work, and demanding production, but cites no authority that an ALJ is required to define, cite to, or cross-reference each and every descriptive word used in explaining the RFC. The use of regular language descriptions with everyday meaning within the RFC does not necessarily muddy the definition. Plaintiff points out the term "moderate" is neither specifically defined by Social Security rules nor by the DOT with respect to pace or persistence. Dkt. 26 at 3. Hence, the meaning in plain language can be presumed sufficient and understood by both the ALJ and the VE.

Moreover, Plaintiff does not cite any evidence of actual confusion. If there were any evidence of real confusion or ambiguity, further clarification might be helpful. The mere possibility of confusion is insufficient for remand. Review of the hearing transcript shows no evidence of unresolved questions in the exchange between the ALJ and the VE. AR at 57-60. The VE is by definition a *vocational expert*, an expert at job determination and definition,

present at the hearing for the sole purpose of assisting the ALJ in determining what jobs, if any, a claimant can perform. AR at 28 (ALJ noting that, "Dr. Elofson is qualified to render an opinion concerning what jobs may or may not be available to individuals in the regional or national economy given certain sets of limitations."). The VE was present for the hearing and all relevant testimony. There is no indication the VE was confused by the ALJ's question or uncertain as to the meaning of "moderate" with respect to pace or stress. AR at 57- 58. The VE asked for further clarification on whether Plaintiff's coworkers would need medical training, which the ALJ immediately provided. AR at 58. After the clarification the VE identified five jobs consistent with the ALJ's hypothetical. Presumably, had the VE been unclear as to any other aspect of the RFC he would have again asked for clarification. Moreover, even if the VE and ALJ had slightly different definitions of "moderate" pace/production there is no evidence their definitions would differ enough to change the VE's list of workable jobs. Remanding to require the ALJ to more precisely define "moderate" would not change the disability determination.

In sum, Plaintiff cites no authority that the ALJ violated a Social Security rule or regulation; Plaintiff points to no facts indicating a meaningful difference existed between the ALJ's description and the VE's comprehension. The Court cannot presume an ambiguity or error where there is no evidence of one. The RFC and the hypothetical question are based on substantial evidence in the record and the ALJ appropriately used the VE to find examples of limited light and sedentary work Plaintiff could perform. Where the ALJ's findings are based upon substantial evidence in the record, the Commissioner's decision to deny benefits will not be reversed. 42 U.S.C § 405(g).

## V. CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect your right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages

DATED this 16th day of May, 2014

JOHN L. WEINBERG
United States Magistrate Judge